## STATE v. THOMAS ARNESON.[1]

November 17, 1922.

No. 23,057.

Evidence insufficient to sustain conviction.

In a prosecution for rape the evidence is *held* insufficient to sustain the charge.

Defendant was indicted by the grand jury of Norman county charged with the crime of rape, tried in the district court for that county before Grindeland, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*O. J. Ostensoe*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *M. A. Brattland*, County Attorney, for respondent.

BROWN, C. J.

Defendant was indicted and on trial convicted of the crime of

[1]Reported in 190 N. W. 602.

rape and was sentenced to prison for a term not exceeding 30 years, as provided by law in such cases. Judgment was rendered and entered accordingly, from which he appealed.

The only question presented in support of the appeal is whether the evidence makes a case of rape within the statute and rules of law applicable to a charge of the kind. We answer it in the negative.

No benefit, judicial or otherwise, would result from a detailed statement or discussion of the evidence and we therefore refrain from entering that atmosphere of the case. It is sufficient to say that we have read the record with special care with the result stated. It appears that complainant was suffering from some ailment, for the cure of which medical attention and treatment was necessary. She applied to defendant, a practicing physician at Twin Valley, Norman county, for such attention as the trouble required. The disease was not of a fatal nature nor particularly dangerous, though venereal in character and infectious by contact, and readily curable. Defendant accepted her as a patient in July, 1919, and continued to administer to her real or pretended treatment for nearly two years, when complainant's parents became convinced that the situation was not as it should be and by their action the relationship between them was terminated, much to the disappointment and against the wishes of defendant. This occurred about June 23, 1921. Thereafter on November 17, 1921, on her complaint the indictment in question was returned by the grand jury, therein charging the crime to have been committed on August 31, 1920, over a year prior to the date of the complaint.

Complainant is a bright young woman of the age of 23 years, at least her intelligence cannot be well questioned from the viewpoint of the record before us. Defendant is a man considerably older, and in practice as a physician for a number of years. We are impressed, in fact the evidence presented seems almost conclusive on the matter, that soon after complainant became the patient of defendant there commenced a course of illicit relations between them which continued until broken off by the interference of the parents as heretofore stated. Such relations arose no doubt by the gross

unprofessional conduct of defendant, of a character to subject him to censure and discipline, but there was no such resistance or objection by complainant as to give rise to the charge of rape. This is made manifest by the correspondence carried on by the parties during the time of their relations, commencing before the specific act charged and until the end came in June, 1921. All the letters of complainant covering the entire period are couched in the most intimate and affectionate language and expressions, and none contain a suggestion of a grievance on complainant's part. Her contention that these letters were thus written at the command and instance of defendant, complied with by her in fear that otherwise defendant might reveal to third persons her ailment, thus expose her to ridicule and disgrace, is plausible, but on the facts disclosed cannot be accepted in support of so serious a charge as that here involved, one exposing defendant to imprisonment for 30 years. Complainant was not under the direct influence of defendant during all the time stated, but was at home and at the home of relatives, and thus afforded ample time to reflect on his conduct, and, if as culpable and criminal as now claimed, to have freed herself from his influence. But there was apparently no reflection, no attempt to complain of misconduct on the part of her doctor, but rather a disposition to conceal their relations from her parents and other relatives. Unquestionably complainant was grossly wronged by the defendant, but, whatever else may be said of the case, there was no rape, either by force, fraud or deception.

This is all we need to say in disposing of the appeal. The order appealed from will be reversed and the cause remanded for further proceedings in the court below. The warden of the state prison will surrender defendant to the sheriff of Norman county to await the order of the district court therein.

Order reversed.